IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TAYLOR ALAN CARPENTER**                                                       **PLAINTIFF**

v.                                                              CIVIL NO. 1:22-cv-00341-HSO-RPM

**MIKE EZELL, et al.**                                                       **DEFENDANTS**

### ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After considering the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

### I. BACKGROUND

On December 21, 2022, pro se Plaintiff Taylor Alan Carpenter filed this Complaint under 42 U.S.C. § 1983 against Defendants Mike Ezell and Jackson County ADC. Compl. [1] at 2-3. Plaintiff is currently incarcerated at the Jackson County Adult Detention Center ("JCADC") in Pascagoula, Mississippi, and he claims that the living conditions at JCADC violate the Eighth Amendment. *Id*. at 2, 4. Specifically, he laments standing water in the cells, pests and contaminants in the living quarters, non-functioning toilets and showers, and the lack of consistent "air flow" inside. *Id*. at 4. Plaintiff requested leave to proceed *in forma pauperis*, but his application is incomplete. Mot. [2].

While conducting its initial screening under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, on December 21, 2022, the Court ordered Plaintiff as follows:

> [O]n or before January 20, 2023, plaintiff shall either pay the required $350.00 (subject to change) filing fee plus a $52.00 (subject to change) administrative fee or file a complete application for leave to proceed *in forma pauperis*, including the section entitled 'Certificate to Be Completed by Authorized Officer' of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this court.

Order [3] at 1. Plaintiff was warned that "[f]ailure to advise this court of a change of address or failure to comply with any order of this court . . . may result in the dismissal of this case." *Id.* at 2. That Order [3] was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable. Plaintiff did not comply with the Court's Order [3] by the January 20 deadline.

On January 23, 2023, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's Order [3]. Order [4] at 1. Plaintiff's responsive deadline was extended to February 6, 2023, and he was again warned "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . will result in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." *Id.* at 2. This Order [4], along with a copy of the Court's December 21 Order [3], was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable. Once again, Plaintiff did not comply with the Court's Order [4] by the February 6 deadline.

On February 10, 2023, the Court entered a Second and Final Order to Show Cause, directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [3] [4]." Order [5] at 2. Plaintiff was

directed to file a written response on or before February 24, 2023. *Id.* Plaintiff was also directed, on or before the February 24 deadline, to comply with the Court's December 21 Order [3] "by paying the required filing fee or by filing a complete application for leave to proceed *in forma pauperis*." *Id.* Plaintiff was again warned "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . ***will result*** in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." *Id.* (emphasis in original). That Order [5], with copies of the Court's December 21 and January 23 Orders [3], [4], was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable.

To date, Plaintiff has not responded to the Court's December 21, January 23, and February 10 Orders [3], [4], [5] or otherwise contacted the Court about his case since the day the Complaint was filed.

## II. DISCUSSION

The Court may dismiss an action sua sponte for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District

3

Courts." *Id.* at 629-30; *see also, e.g.*, *Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (affirming sua sponte dismissal of a prisoner's case for failure to comply with court orders); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (same).

Plaintiff did not comply with three Court Orders [3], [4], [5], after being warned as many times that failing to do so may lead to the dismissal of his case. *See* Second and Final Order to Show Cause [5] at 2; Order to Show Cause [4] at 2; Order [3] at 2. Despite these warnings, Plaintiff has not contacted the Court or taken any action in this case since the Complaint was filed. Given his clear record of delay and contumacious conduct, it is apparent that Plaintiff no longer wishes to pursue this lawsuit. Under these circumstances, dismissal without prejudice is warranted.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 1st day of March, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE